UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA OPDAHL,

    Plaintiff,

v.                                        Case No.:  2:23-cv-284-SPC-KCD

KCAP RE FUND II, LLC and
VRBO, LLC,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant HomeAway.com, Inc.[2]'s Supplement to Notice of Removal.  (Doc. 11).  Plaintiff Sandra Opdahl filed this trip-and-fall negligence case in state court.  (Doc. 4).  HomeAway removed based on diversity jurisdiction.  Because HomeAway had not sufficiently alleged such diversity jurisdiction, the Court ordered HomeAway to supplement its Notice.  (Doc. 9).  Having considered this supplement, the Court remands this case for the following reasons.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] HomeAway is not listed as a Defendant.  But it says there is no entity that exists named "VRBO, LLC"—a Defendant that Plaintiff sued.  Instead, HomeAway says it is the proper defendant to be named.

The Court raised three concerns in its Order requiring HomeAway to supplement its Notice of Removal. ([Doc. 9](#)). Two remain justifying remand.[3]

First, HomeAway still fails to properly allege the citienship of Defendant KCAP Re Fund II LLC. In HomeAway's initial removal notice, HomeAway said KCAP "is limited liability company incorporated in Texas and is managed by a single manager with a principal place of business in Texas," so KCAP is a citizen of Texas. ([Doc. 1 at 12](#)).

The Court warned HomeAway that it is not enough to allege the citizenship of *some* members of the limited liability company. *[Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.](#)*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of *all* the members of the limited liability company" (emphasis added)). The Court also told HomeAway if KCAP's single managing member is an LLC, "the Court would need to know each member of the LLC and their domiciles." *See [Purchasing Power, LLC v. Bluestem Brands, LLC](#)*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time

---

[3] HomeAway's supplement shows Opdahl claims a homestead tax exemption for her Florida property. This satisfies the Court's concern about Opdahl's citizenship.

2

a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC").

But HomeAway's supplement ignores this directive. It clarifies that KCAP has a single member, but this member is an LLC—KeyCity Fund Management, LLC—as the Court foresaw. (Doc. 11 at 6; Doc. 11-2). Instead of correctly telling the Court all KeyCity's members and their citizenships, HomeAway reverts to incorrectly saying KeyCity is a citizen of Texas because it is incorporated, with a principal place of business, in Texas. *See Purchasing Power, LLC*, 851 F.3d at 1220; *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. So HomeAway has not shown KPAC's citizenship and, thus, has not demonstrated the necessary complete diversity to remain in federal court.

Second, HomeAway failed to show a sufficient amount in controversy. HomeAway admits it must prove a sufficient amount in controversy by the preponderance of the evidence. (Doc. 11 at 11); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). And removal statutes are strictly construed with doubts resolved in favor of remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Opdahl seeks damages over $50,000.00. (Doc. 3 at 1). HomeAway claims the $25,000.00 difference can be "reasonably deduced from the nature of the allegations contained within the Amended Complaint." (Doc. 11 at 10). Not so. HomeAway circles back to the same conclusory statements the Court

3

rejected in its original Order (Doc. 11 at 12; Doc. 9). The only specifics Opdahl provided in her complaint is that she tripped and fell on uneven concrete on the driveway. (Doc. 1-1 at 7). HomeAway adds that it "understands that Plaintiff alleges to have suffered injuries to her face and teeth." (Doc. 11 at 13). That is simply insufficient to show over $75,000.00 in controversy by a preponderance of the evidence.

The diversity of the parties and the amount in controversy are something HomeAway should have determined prior to invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *1 (S.D. Fla. Nov. 24, 2020).

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit Court in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit Court in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 9, 2023.

                                                  SHERI POLSTER CHAPPELL
                                                  UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record